John E. Flaherty
Cynthia S. Betz
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jflaherty@mccarter.com
cbetz@mccarter.com

*Attorneys for Plaintiff*
*Tris Pharma, Inc.*

OF COUNSEL:

Errol Taylor
Jordan Fernandes
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
etaylor@milbank.com
jfernan1@milbank.com

Lauren Drake
Y. John Lu
Monica Arnold
Christopher D. Lynch
Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
(424) 386-4000
ldrake@milbank.com
jlu@milbank.com
marnold@milbank.com
clynch@milbank.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRIS PHARMA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: _____ |
| | ) | |
| ASCENT PHARMACEUTICALS, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

1.     Tris Pharma, Inc. ("Tris" or "Plaintiff"), for its Complaint against defendant

Ascent Pharmaceuticals, Inc. ("Ascent" or "Defendant"), hereby alleges as follows:

- 1 -

**NATURE OF THE ACTION**

2.      This action is for patent infringement arising under the Patent and Food and Drug laws of the United States, Titles 35 and 21, United States Code.

3.      Defendant has been and is engaging in activities directed towards infringement of United States Patent Nos. 8,999,386, (the "'386 patent"), 9,295,642 (the "'642 patent"), 9,545,399 (the "'399 patent"), and 9,844,544 (the "'544 patent") by, *inter alia*, submitting an abbreviated new drug application designated Abbreviated New Drug Application ("ANDA") No. 215688 seeking FDA approval to manufacture and commercially market their proposed product called "Methylphenidate Hydrochloride Extended Release Chewable Tablets, 20 mg, 30 mg and 40 mg" (hereinafter referred to as "the ANDA Product") containing the active ingredient methylphenidate hydrochloride.  The ANDA Product is a generic version of QuilliChew ER®.

4.      QuilliChew ER® is a once-daily, long-lasting, chewable methylphenidate tablet for the treatment of Attention Deficit Hyperactivity Disorder in children.

5.      In a letter dated May 10, 2021, entitled "Certification of Non-Infringement and/or Invalidity of United States Patent Nos. 8,202,537, 8,287,903, 8,999,386, 9,295,642, 9,545,399, 9,844,544, and 10,857,143" (hereinafter referred to as the "May 10 Notice Letter"), Ascent notified Tris that Ascent had filed ANDA No. 215688 and that it intends to manufacture and commercially market the ANDA Product (a generic version of QuilliChew ER®) before the expiration date of the '537, '903, '386, '642, '399, '544, and '143 patents.

6.      On or around May 18, 2021, Ascent agreed to provide Tris (1) ANDA No. 215688, including all correspondence with FDA relating to the ANDA Product and Ascent's decision to develop the ANDA Product, including all information from the ANDA regarding composition and manufacture (including batch records, quality overall summary and product

development report), and excipients (including identity, characteristics, and purpose); (2) the Drug Manufacturing Files ("DMFs") for the active ingredient(s) of the product described in ANDA No. 215688 and all information regarding material used in manufacture and present in the final composition; and (3) specification sheets for each of the materials in the ANDA Product. On May 24, 2021, Ascent produced documents from ANDA No. 215688 and certain correspondence to FDA. Ascent has not yet produced any DMFs.

## THE PARTIES

7.    Plaintiff Tris is a company organized and existing under the laws of the State of New Jersey, having its principal place of business at 2031 U.S. Highway 130, Monmouth Junction, NJ 08852.

8.    Tris is engaged in the business of research, development, manufacture, and sale of pharmaceutical products for sale throughout the United States.

9.    Defendant Ascent is a company organized and existing under the laws of the State of New York, having a principal place of business at 400 S. Technology Dr., Central Islip, NY 11722.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and venue is proper under §§ 1391(b) and (c), and 1400(b).

11.    This Court has personal jurisdiction over Ascent at least because Ascent has consented to personal jurisdiction in this District for this litigation.

12.    Ascent regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or

things used or consumed in New Jersey, demonstrating that Ascent has continuous and systematic contacts with New Jersey.

13.     Ascent is in the business of developing, manufacturing and selling generic pharmaceutical products in New Jersey that are distributed throughout the United States, including in the State of New Jersey.  Ascent directly or through its affiliates and agents develops, formulates, manufactures, markets, and/or sells pharmaceutical products, including generic drug products throughout the United States and this district.

14.     Ascent has purposefully availed itself of the privilege of conducting activities in New Jersey and its conduct and connection with New Jersey are such that it should reasonably anticipate being haled into court in the state.

15.     Upon approval of ANDA No. 215688, Defendant and/or its affiliates or agents will manufacture, distribute, market, sell, and offer to sell the ANDA Product in New Jersey and throughout the United States and will derive substantial revenue therefrom.

16.     Upon approval of ANDA No. 215688, Defendant and/or its affiliates or agents will place the ANDA Product into the stream of commerce with the reasonable expectation or knowledge and the intent that such products will ultimately be purchased and used by consumers in this judicial district.

17.     This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, the above-mentioned facts.

18.     Venue is proper in this judicial district for Ascent pursuant to 28 U.S.C. §§ 1391 and 1400(b). Ascent has consented to venue in this District for this litigation.

### FIRST CLAIM FOR RELIEF: '386 PATENT

19.     Tris realleges paragraphs 1–18 above as set forth specifically here.

20.    The '386 patent (copy attached as Exhibit A), entitled "Methylphenidate Extended Release Chewable Tablet," was issued on April 7, 2015 to Tris, upon assignment from the inventors Yu-Hsing Tu, Ashok Perumal, and Kalyan Kathala. The '386 patent claims, *inter alia*, a methylphenidate extended release chewable tablet, and a method of providing a subject with a therapeutically effective amount of racemic methylphenidate over at least twelve hours using the tablet.

21.    Plaintiff has been and still is the owner of the '386 patent. The '386 patent will expire on August 14, 2033.

22.    Defendant infringed one or more of the '386 patent claims under 35 U.S.C. § 271(e)(2) by filing ANDA No. 215688 and seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in the '386 patent prior to its expiration. Defendant has represented to FDA that the ANDA Product is bioequivalent to Quillichew ER®, and the '386 patent is listed in the Orange Book as encompassing Quillichew ER®.

23.    Defendant infringed at least claim 1 of the '386 patent because the ANDA Product is an extended release chewable tablet having a therapeutically effective immediate release and a 12-hour extended release profile. The ANDA Product is a uniform solid dispersion. The ANDA Product includes a sustained release racemic methylphenidate component comprising a water-insoluble, water-permeable, pH-independent barrier coated, racemic methylphenidate-ion exchange resin complex in a polymeric matrix. The barrier coating, which provides a sustained release profile to the racemic methylphenidate, is over the racemic methylphenidate-ion exchange resin complex-matrix. The ANDA Product also includes a first immediate release component which comprises an immediate release uncoated racemic methylphenidate-ion exchange resin complex. The ANDA Product further includes a second

immediate release racemic methylphenidate component which comprises an uncomplexed racemic methylphenidate. The first immediate release component has a slower onset of release than the second. In the ANDA Product, about 50% w/w to about 90% w/w of the racemic methylphenidate active component is provided by the sustained release component based on the total amount of racemic methylphenidate in the tablet. The ANDA Product is capable of being divided and providing tablet portions which retain a therapeutically effective immediate release and 12 hour extended release profile. The ANDA Product has a pharmacokinetic profile in which the methylphenidate has a geometric mean for area under the curve $(AUC)_{0-\infty}$ of about 110 ng-hr/mL to about 140 ng-hr/mL and a geometric mean $C_{max}$ of about 10 ng/mL to about 15 ng/mL under fasted and fed conditions following a single oral administration of the chewable tablet comprising 40 mg racemic methylphenidate HCl in adults.

24.     Unless enjoined by this Court, Defendant will directly infringe the '386 patent (either literally or under the doctrine of equivalents), upon receiving FDA approval, by making, using, offering to sell, importing, and/or selling the ANDA Product in the United States in violation of 35 U.S.C. § 271(a).

25.     Unless enjoined by this Court, Defendant will induce the infringement of the '386 patent, upon receiving FDA approval, by actively and intentionally encouraging, aiding, and abetting the manufacture, offer for sale, sale, and use in the United States and/or import into the United States of the ANDA Product by others, including manufacturers, distributors, and/or consumers, with knowledge that such infringing acts are in contravention of Tris's rights under the '386 patent and in violation of 35 U.S.C. § 271(b).

26.     Unless enjoined by this Court, Defendant will induce the infringement of the '386 patent by actively and intentionally encouraging, though its label, the infringing use of the

ANDA Product in the United States, by others, including distributors, prescribers, and/or consumers, in contravention of Tris's rights under the '386 patent and in violation of 35 U.S.C. § 271(b).

27.    Unless enjoined by this Court, Defendant will contribute to the infringement of the '386 patent by knowingly and intentionally selling materials and/or apparatuses, including, chemical precursors of the ANDA Product or equipment for the manufacture of the ANDA Product to others, including the manufacturers and distributors, where such materials and apparatuses are not stable articles or commodities of commerce suitable for non-infringing use, and are made or adapted especially for use in the manufacture, use, sale, or offer for sale of the ANDA Product in contravention of Tris's rights under the '386 patent in violation of 35 U.S.C. § 271(c).

28.    Tris will be substantially and irreparably damaged and harmed if Defendant's infringement of the '386 patent is not enjoined.

29.    Tris does not have an adequate remedy at law for Defendant's infringement of the '386 patent.

30.    This case is an exceptional one, and Tris is entitled to an award of reasonable attorney's fees under 35 U.S.C. § 285.

**SECOND CLAIM FOR RELIEF: '642 PATENT**

31.    Tris realleges paragraphs 1–30 above as set forth specifically here.

32.    The '642 patent (copy attached as Exhibit B), entitled "Methylphenidate Extended Release Chewable Tablet," was issued on March 29, 2016 to Tris, upon assignment from the inventors Yu-Hsing Tu, Ashok Perumal, and Kalyan Kathala. The '642 patent claims, *inter alia*,

a methylphenidate extended release chewable tablet, and a method of providing a subject with a therapeutically effective amount of racemic methylphenidate using the tablet.

33.     Plaintiff has been and still is the owner of the '642 patent. The '642 patent will expire on August 14, 2033.

34.     Defendant infringed one or more of the '642 patent claims under 35 U.S.C. § 271(e)(2) by filing ANDA No. 215688 and seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in the '642 patent prior to its expiration. Defendant has represented to FDA that the ANDA Product is bioequivalent to Quillichew ER®, and the '642 patent is listed in the Orange Book as encompassing Quillichew ER®.

35.     Defendant infringed at least claim 1 of the '642 patent because the ANDA Product is an extended release racemic methylphenidate chewable tablet. The ANDA Product is a uniform solid dispersion. The ANDA Product includes a sustained release racemic methylphenidate component comprising a water-insoluble, water-permeable, pH-independent barrier coated, racemic methylphenidate-ion exchange resin complex in a polymeric matrix. The barrier coating, which provides a sustained release profile to the racemic methylphenidate is over the racemic methylphenidate-ion exchange resin complex-matrix. The ANDA Product also includes a first immediate release component which comprises an immediate release uncoated racemic methylphenidate-ion exchange resin complex. The ANDA Product further includes a second immediate release racemic methylphenidate component which comprises an uncomplexed racemic methylphenidate acceptable salt thereof. The first immediate release component has a slower onset of release than the second. In the ANDA Product, about 50% w/w to about 90% w/w of the racemic methylphenidate active component is provided by the sustained release component based on the total amount of racemic methylphenidate in the tablet. The

ANDA Product is capable of being divided and providing tablet portions which retain a therapeutically effective extended release profile. The ANDA Product has a pharmacokinetic profile in which the methylphenidate has at least one of: a geometric mean for area under the curve $(AUC)_{0-\infty}$ of about 110 ng-hr/mL to about 140 ng-hr/mL and a geometric mean $C_{max}$ of about 10 ng/mL to about 15 ng/mL, under fasted and fed conditions in adults following a single oral administration of the chewable tablet comprising the equivalent of 40 mg racemic methylphenidate HCl.

36.     Unless enjoined by this Court, Defendant will directly infringe the '642 patent (either literally or under the doctrine of equivalents), upon receiving FDA approval, by making, using, offering to sell, importing, and/or selling the ANDA Product in the United States in violation of 35 U.S.C. § 271(a).

37.     Unless enjoined by this Court, Defendant will induce the infringement of the '642 patent, upon receiving FDA approval, by actively and intentionally encouraging, aiding, and abetting the manufacture, offer for sale, sale, and use in the United States and/or import into the United States of the ANDA Product by others, including manufacturers, distributors, and/or consumers, with knowledge that such infringing acts are in contravention of Tris's rights under the '642 patent and in violation of 35 U.S.C. § 271(b).

38.     Unless enjoined by this Court, Defendant will induce the infringement of the '642 patent by actively and intentionally encouraging, though its label, the infringing use of the ANDA Product in the United States, by others, including distributors, prescribers, and/or consumers, in contravention of Tris's rights under the '642 patent and in violation of 35 U.S.C. § 271(b).

39.     Unless enjoined by this Court, Defendant will contribute to the infringement of the '642 patent by knowingly and intentionally selling materials and/or apparatuses, including, chemical precursors of the ANDA Product or equipment for the manufacture of the ANDA Product to others, including the manufacturers and distributors, where such materials and apparatuses are not stable articles or commodities of commerce suitable for non-infringing use, and are made or adapted especially for use in the manufacture, use, sale, or offer for sale of the ANDA Product in contravention of Tris's rights under the '642 patent in violation of 35 U.S.C. § 271(c).

40.     Tris will be substantially and irreparably damaged and harmed if Defendant's infringement of the '642 patent is not enjoined.

41.     Tris does not have an adequate remedy at law for Defendant's infringement of the '642 patent.

42.     This case is an exceptional one, and Tris is entitled to an award of reasonable attorney's fees under 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF: '399 PATENT

43.     Tris realleges paragraphs 1–42 above as set forth specifically here.

44.     The '399 patent (copy attached as Exhibit C), entitled "Methylphenidate Extended Release Chewable Tablet," was issued on January 17, 2017 to Tris, upon assignment from the inventors Yu-Hsing Tu, Ashok Perumal, and Kalyan Kathala. The '399 patent claims, *inter alia*, a methylphenidate extended release chewable tablet, and a method of treating a subject having Attention Deficit Hyperactivity Disorder and/or Attention Deficit Disorder by providing a subject with a therapeutically effective amount of racemic methylphenidate using the tablet.

45.    Plaintiff has been and still is the owner of the '399 patent. The '399 patent will expire on August 14, 2033.

46.    Defendant infringed one or more of the '399 patent claims under 35 U.S.C. § 271(e)(2) by filing ANDA No. 215688 and seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in the '399 patent prior to its expiration. Defendant has represented to FDA that the ANDA Product is bioequivalent to Quillichew ER®, and the '399 patent is listed in the Orange Book as encompassing Quillichew ER®.

47.    Defendant infringed at least claim 1 of the '399 patent because the ANDA Product is an extended release racemic methylphenidate chewable tablet. The ANDA Product is a uniform solid dispersion. The ANDA Product includes a sustained release racemic methylphenidate component comprising a water-insoluble, water-permeable, pH-independent barrier coated, racemic methylphenidate-cation exchange resin complex in an optional polymeric matrix. The barrier coating is present in an amount of about 20% w/w to about 50% w/w %, which provides a sustained release profile to the racemic methylphenidate and is over the racemic methylphenidate-cation exchange resin complex-optional matrix. When present, the polymeric matrix comprises the methylphenidate-cation exchange resin complex and a water-insoluble polymer or copolymer or a water-soluble polymer or copolymer. The ANDA Product also includes at least one immediate release racemic methylphenidate component which provides a release in less than about 30 minutes as determined in an in vitro dissolution assay. In the ANDA Product, about 50% w/w to about 90% w/w of the racemic methylphenidate active component is provided by the sustained release component based on the total amount of racemic methylphenidate in the tablet. The ANDA Product is capable of being divided and providing tablet portions which retain a therapeutically effective extended release profile. The ANDA

Product has a pharmacokinetic profile in which the methylphenidate has at least one of: a geometric mean for area under the curve $(AUC)_{0-\infty}$ of about 110 ng-hr/mL to about 140 ng-hr/mL or a geometric mean $C_{max}$ of about 10 ng/mL to about 15 ng/mL, under fasted and fed conditions in adults following a single oral administration of the chewable tablet which comprises the equivalent of 40 mg racemic methylphenidate HCl.

48.    Unless enjoined by this Court, Defendant will directly infringe the '399 patent (either literally or under the doctrine of equivalents), upon receiving FDA approval, by making, using, offering to sell, importing, and/or selling the ANDA Product in the United States in violation of 35 U.S.C. § 271(a).

49.    Unless enjoined by this Court, Defendant will induce the infringement of the '399 patent, upon receiving FDA approval, by actively and intentionally encouraging, aiding, and abetting the manufacture, offer for sale, sale, and use in the United States and/or import into the United States of the ANDA Product by others, including manufacturers, distributors, and/or consumers, with knowledge that such infringing acts are in contravention of Tris's rights under the '386 patent and in violation of 35 U.S.C. § 271(b).

50.    Unless enjoined by this Court, Defendant will induce the infringement of the '399 patent by actively and intentionally encouraging, though its label, the infringing use of the ANDA Product in the United States, by others, including distributors, prescribers, and/or consumers, in contravention of Tris's rights under the '399 patent and in violation of 35 U.S.C. § 271(b).

51.    Unless enjoined by this Court, Defendant will contribute to the infringement of the '399 patent by knowingly and intentionally selling materials and/or apparatuses, including, chemical precursors of the ANDA Product or equipment for the manufacture of the ANDA

Product to others, including the manufacturers and distributors, where such materials and apparatuses are not stable articles or commodities of commerce suitable for non-infringing use, and are made or adapted especially for use in the manufacture, use, sale, or offer for sale of the ANDA Product in contravention of Tris's rights under the '399 patent in violation of 35 U.S.C. § 271(c).

52. Tris will be substantially and irreparably damaged and harmed if Defendant's infringement of the '399 patent is not enjoined.

53. Tris does not have an adequate remedy at law for Defendant's infringement of the '399 patent.

54. This case is an exceptional one, and Tris is entitled to an award of reasonable attorney's fees under 35 U.S.C. § 285.

### FOURTH CLAIM FOR RELIEF: '544 PATENT

55. Tris realleges paragraphs 1–54 above as set forth specifically here.

56. The '544 patent (copy attached as Exhibit D), entitled "Methylphenidate Extended Release Chewable Tablet," was issued on December 19, 2017 to Tris, upon assignment from the inventors Yu-Hsing Tu, Ashok Perumal, and Kalyan Kathala. The '544 patent claims, *inter alia*, a methylphenidate extended release chewable tablet, and a method of treating a patient with a disorder treatable by methylphenidate by providing a subject with an effective amount of a methylphenidate extended release chewable tablet.

57. Plaintiff has been and still is the owner of the '544 patent. The '544 patent will expire on August 14, 2033.

58. Defendant infringed one or more of the '544 patent claims under 35 U.S.C. § 271(e)(2) by filing ANDA No. 215688 and seeking approval from the FDA to engage in the

commercial manufacture, use or sale of a drug claimed in the '544 patent prior to its expiration. Defendant has represented to FDA that the ANDA Product is bioequivalent to Quillichew ER®, and the '544 patent is listed in the Orange Book as encompassing Quillichew ER®.

59.    Defendant infringed at least claim 28 of the '544 patent because the ANDA Product is an extended release racemic methylphenidate chewable tablet. The ANDA Product is a uniform solid dispersion. The ANDA Product includes a sustained release, racemic methylphenidate component comprising a water-insoluble, water-permeable, pH-independent barrier coated, racemic methylphenidate-cation exchange resin complex which comprises: (i) a racemic methylphenidate-cation exchange resin complex comprising racemic methylphenidate and a pharmaceutically acceptable cation ion exchange resin, wherein the racemic methylphenidate is bound to the pharmaceutically acceptable cation exchange resin; (ii) a barrier coating over (i), wherein the barrier coating comprises a water-insoluble, water-permeable, pH-independent polymer and a plasticizer and the barrier coating is present in an amount of about 20% w/w to about 50% w/w % based on the weight of the racemic methylphenidate-cation exchange resin complex of (i). The barrier coating provides a sustained release profile to the racemic methylphenidate. In the ANDA Product, about 50% w/w to about 90% w/w of the racemic methylphenidate is provided by the sustained release component based on the total amount of racemic methylphenidate in the tablet. The ANDA Product further includes at least one immediate release racemic methylphenidate component which provides a release of the racemic methylphenidate in less than about 30 minutes as determined in an in vitro dissolution assay. The ANDA Product is capable of being divided and providing tablet portions which retain a therapeutically effective extended release profile. The ANDA Product has a pharmacokinetic profile in which the methylphenidate has at least one of: a geometric mean for area under the

curve $(AUC)_{0-\infty}$ of about 110 ng-hr/mL to about 140 ng-hr/mL or a geometric mean $C_{max}$ of about 10 ng/mL to about 15 ng/mL, under fasted conditions in adults following a single oral administration of the chewable tablet which comprises the equivalent of 40 mg racemic methylphenidate HCl.

60. Unless enjoined by this Court, Defendant will directly infringe the '544 patent (either literally or under the doctrine of equivalents), upon receiving FDA approval, by making, using, offering to sell, importing, and/or selling the ANDA Product in the United States in violation of 35 U.S.C. § 271(a).

61. Unless enjoined by this Court, Defendant will induce the infringement of the '544 patent, upon receiving FDA approval, by actively and intentionally encouraging, aiding, and abetting the manufacture, offer for sale, sale, and use in the United States and/or import into the United States of the ANDA Product by others, including manufacturers, distributors, and/or consumers, with knowledge that such infringing acts are in contravention of Tris's rights under the '544 patent and in violation of 35 U.S.C. § 271(b).

62. Unless enjoined by this Court, Defendant will induce the infringement of the '544 patent by actively and intentionally encouraging, though its label, the infringing use of the ANDA Product in the United States, by others, including distributors, prescribers, and/or consumers, in contravention of Tris's rights under the '544 patent and in violation of 35 U.S.C. § 271(b).

63. Unless enjoined by this Court, Defendant will contribute to the infringement of the '544 patent by knowingly and intentionally selling materials and/or apparatuses, including, chemical precursors of the ANDA Product or equipment for the manufacture of the ANDA Product to others, including the manufacturers and distributors, where such materials and

apparatuses are not stable articles or commodities of commerce suitable for non-infringing use, and are made or adapted especially for use in the manufacture, use, sale, or offer for sale of the ANDA Product in contravention of Tris's rights under the '544 patent in violation of 35 U.S.C. § 271(c).

64. Tris will be substantially and irreparably damaged and harmed if Defendant's infringement of the '544 patent is not enjoined.

65. Tris does not have an adequate remedy at law for Defendant's infringement of the '544 patent.

66. This case is an exceptional one, and Tris is entitled to an award of reasonable attorney's fees under 35 U.S.C. § 285.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)    A judgment be entered that Defendant infringed the '386, '642, '399, and '544 patents by submitting ANDA No. 215688 to the FDA;

(b)    A judgment be entered declaring that the effective date of any approval of ANDA No. 215688 under section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) for the drug product "Methylphenidate Hydrochloride Extended-Release Chewable Tablets, 20 mg, 30 mg and 40 mg" must be later than the expiration date of the '386, '642, '399, and '544 patents or any later expiration date of exclusivity to which Plaintiff is or becomes entitled;

(c)    A declaration that the commercial manufacture, use, importation into the United States, sale, or offer for sale of the ANDA Product will directly infringe, induce and/or contribute to infringement of the '386, '642, '399, and '544 patents;

(d)    Preliminary and permanent injunctions be granted enjoining Defendant and its officers, agents, attorneys, and employees, and those acting in privity or concert with Defendant from making, using, selling, offering to sell, or importing the ANDA Product until after the expiration of the '386, '642, '399, and '544 patents or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(e)    A permanent injunction be granted pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendant, its officers, agents, attorneys, and employees, and those acting in privity or concert with it from practicing any composition or method claimed in the '386, '642, '399, and '544 patents, or from actively inducing or contributing to the infringement of the '386, '642, '399, and '544 patents, until after the expiration dates of the '386, '642, '399, and '544 patents, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

- 18 -

(f)    An award of damages be granted if Defendant engages in the commercial manufacture, use, importation into the United States, sale, or offer for sale of the ANDA Product prior to the expiration of the '386, '642, '399, and '544 patents, or any later expiration of exclusivity to which Plaintiff is or becomes entitled;

(g)    A judgment be entered declaring that the '386, '642, '399, and '544 patents remain valid, remain enforceable and have been infringed by Defendant;

(h)    A judgment entered that Defendant's defenses and claims for relief with respect to the '386, '642, '399, and '544 patents are limited to those presented in the May 10 Notice Letter;

(i)    An award of costs and expenses be granted in this action; and

(j)    Such other relief as this Court may deem proper.

- 19 -

Dated: June 22, 2021

By: /s/ John E. Flaherty

John E. Flaherty
Cynthia S. Betz
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jflaherty@mccarter.com
cbetz@mccarter.com

*Attorneys for Plaintiff*
*Tris Pharma, Inc.*

OF COUNSEL:

Errol Taylor
Jordan Fernandes
Milbank LLP
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5000
etaylor@milbank.com
jfernan1@milbank.com

Lauren Drake
Y. John Lu
Monica Arnold
Christopher D. Lynch
Milbank LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067-3019
(424) 386-4000
ldrake@milbank.com
jlu@milbank.com
marnold@milbank.com
clynch@milbank.com

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. In *Tris Pharma Inc. v. Actavis Elizabeth LLC*, Case No. 1:16-cv-00603-KAJ (D. Del.), Tris alleged that Actavis (a wholly owned indirect subsidiary of Teva) infringed United States Patent Nos. 9,545,399 and 9,844,544 by, *inter alia*, submitting ANDA No. 209134. *Tris Pharma Inc. v. Actavis Elizabeth LLC*, Case No. 1:16-cv-00603-KAJ (D. Del.) was stayed on April 27, 2018 and administratively closed on October 9, 2019. In *Tris Pharma, Inc. v. Teva Pharmaceuticals USA, Inc.*, 2:20-cv-05212 (D.N.J.), Tris alleged that Teva infringed United States Patent Nos. 9,545,399 and 9,844,544 by, *inter alia*, submitting ANDA No. 214202.

By: /s/ John E. Flaherty
John E. Flaherty
Cynthia S. Betz
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jflaherty@mccarter.com
cbetz@mccarter.com

*Attorneys for Plaintiff*
*Tris Pharma, Inc.*

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1(d)

Pursuant to Local Civil Rule 201.1, I hereby certify the above-captioned matter is not subject to compulsory arbitration in that, *inter alia,* the Plaintiff seeks non-monetary injunctive relief and the amount in controversy exceeds the $150,000 threshold exclusive of interest and costs and any claim for punitive damages.

By: /s/ John E. Flaherty
John E. Flaherty
Cynthia S. Betz
McCarter & English, LLP
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
(973) 622-4444
jflaherty@mccarter.com
cbetz@mccarter.com

*Attorneys for Plaintiff*
*Tris Pharma, Inc.*